UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

DONNA JEAN SEXTON #246358  )
                            )
v.                          )   No. 2:05-CV-128
                            )
REUBEN HODGE, Warden        )

**MEMORANDUM AND ORDER**

Donna Jean Sexton, a state inmate, brings this *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of her confinement in a West Tennessee prison. In 1995, the petitioner, pursuant to her pleas of nolo contendere, was convicted of first-degree murder and aggravated robbery in the Criminal Court for Carter County, Tennessee. For these offenses, she was given a sentence of life with the possibility of parole.

The respondent has filed an unopposed motion to dismiss the petition, seeking dismissal on the basis that one of the petitioner's claims (i.e., that her attorney gave her ineffective assistance by failing to argue that her sentence is void on its face) has not been exhausted. State remedies are still available with respect to the claim, so the respondent insists, because Tennessee courts will entertain in a state habeas corpus petition a claim that a sentence is void.

It is well settled that, before seeking habeas corpus relief, state prisoners must exhaust their available state court remedies by fairly presenting all their claims

to the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To state it in the obverse, if a prisoner has no remedy still available in the state courts for presentation of a claim, the petition should not be dismissed for failure to exhaust. *Grey v. Netherland*, 518 152, 161 (1996). This is the situation here.

After reading the section of the brief containing the contentions regarding a void sentence and construing the passage liberally, as is required for *pro se* pleadings, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999), the Court concludes, for the following reasons, that there are no state remedies left for the petitioner because she is not alleging that her sentence is void as a freestanding ground for relief. First of all, as the respondent recognizes, the supposedly non-exhausted claim is contained only in the accompanying brief, [Doc. 3, Petr.'s Br. 11-13], and not, as would be expected for an independent claim, in the petition itself. Secondly, there is no suggestion in the section of the brief, entitled "Questions Presented for Review," that the petitioner is submitting the allegations involving a void sentence as a separate issue.

Third, unlike the contentions regarding a void sentence, the issues which *are* offered for review are distinctive—they are emboldened, underlined, and separately-numbered. Fourth, the void-sentence contentions are incorporated in the part of the brief which contains the petitioner's arguments in support of "Issue 1." "Issue 1" comprises the petitioner's contentions that her nolo contendere pleas were unknowing and involuntary because they were induced by her attorney's incorrect advice about parole eligibility for a life sentence. Viewing the subject passage in context—as a part of Issue 1, and considering that the claim is alleged only in the

brief and not in the petition, the Court finds that the petitioner's allegations concerning a void sentence are best read as simply another illustration of the alleged ineffective assistance of her attorney, and not as a stand-alone claim for relief.

The Court further concludes that, since allegations concerning ineffective assistance of counsel (even if the claimed error involves a failure to assert a void-sentence issue) are not appropriate grounds for relief under Tennessee's habeas corpus statute, *see generally Passarella v. State*, 891 S.W.2d 619, 627 (Tenn.Crim.App. 1994), *superceded by statute as stated in State v. Newman*, 1998 WL 104492, at *1 n. 2 (Tenn.Crim.App. Mar. 11, 1998) (unpublished), the petitioner cannot return with her claim to the state courts.

Thus, while the petitioner might have selected her words more carefully, her lack of precision in drafting her *pro se* brief does not justify dismissal of this petition.[1] Therefore, the respondent's motion to dismiss is **DENIED** [Doc. 6].

**ENTER**:

/s/ Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

[1] A federal claim which was not presented to the state courts for disposition and which cannot be presented now (due to the lack of any remaining state remedies) is subject to the procedural default doctrine—with its companion rules of cause-and-prejudice and miscarriage-of-justice, *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986), and *not* to the exhaustion rule.